IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>2001 VOLKSWAGEN BEETLE, VIN: 3VWCK21C91M427412, CALIFORNIA LICENSE PLATE NUMBER: 5SBH743, and<br><br>APPROXIMATELY $9,323.36 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA SAVINGS ACCOUNT NUMBER XXXXXX5024,<br><br>    Defendants. | 1:07-CV-00300-OWW-GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO STRIKE CLAIMANT CARLOS MORENO PACHECO'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT FOR FORFEITURE *IN REM* AND EX *PARTE* APPLICATION FOR DEFAULT JUDGMENT**<br>(Document 38) |

    In this civil forfeiture action, plaintiff United States of America ("Government") seeks:

    1.    An order striking Carlos Moreno Pacheco's answer to the complaint for forfeiture in rem;

    2.    Default judgment against the interests of Carlos Moreno Pacheco and Gustavo Solis in a 2001 Volkswagen Beetle, VIN: 3VWCK21C91M427412, California License Plate Number: 5SBH743 ("defendant vehicle") and approximately $9,323.36 in U.S. Currency seized from Bank of America Savings Account Number XXXXXX5024 ("defendant

funds"); and,

3. Entry of a final forfeiture judgment to vest in the Government all right, title and interest in the defendant vehicle and defendant funds.

On June 19, 2008, counsel for Carlos Moreno Pacheco filed a response to the Government's Motion to Strike and indicated that his office had been unable to communicate with Mr. Moreno Pacheco and could not respond on his behalf. No other response and no opposition have been filed. The matter came on for hearing on December 5, 2008, before the Honorable Gary S. Austin, United States Magistrate Judge. Assistant United States Attorney Stephanie Hamilton Borchers appeared on behalf of the Government.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

### Seizure of Defendant Vehicle and Defendant Funds

On September 6, 2006, after conducting an undercover operation in Fresno, California, detectives with the Fresno Police Department, Major Narcotics Unit, traveled to Stockton, California and were shown the address of 2740 Blossom Street, where surveillance was established. Law enforcement officers observed a Hispanic male, later identified as Carlos Moreno Pacheco ("Pacheco"), and a Hispanic female walk out of the residence. Pacheco carried a duffle bag and placed it in the trunk of the defendant vehicle. A Department of Motor Vehicles check revealed the defendant vehicle to be registered to Pacheco. The Hispanic female drove the defendant vehicle away from the residence with Pacheco seated in the passenger seat.

A vehicle stop was conducted at Lindon Avenue and Highway 99. Pacheco informed the officers that the vehicle belonged to him and then consented to a search of the defendant vehicle. Inside the trunk, law enforcement officers located approximately $89,128.00 in U.S. Currency in a pink bag and approximately 283 grams of crystal methamphetamine in a blue/red duffle bag, along with cutting ingredients and a scale.

After the search of the vehicle, Pacheco was arrested. Pacheco admitted that the drugs and money belonged to him. Pacheco further stated that the money was from drug profits and gave officers

---

[1] The below factual recitation is based on the Government's papers and record before this Court.

consent to search his residence. Officers searched Pacheco's residence and located bank records in his name from Bank of America. Officers then obtained a state seizure warrant and located approximately $9,323.36 in U.S. Currency in a savings account belonging to Pacheco.

On November 9, 2006, a Grand Jury in the Eastern District of California indicted Pacheco and others with violations of 21 U.S.C. § 846 - Conspiracy to Distribute Methamphetamine. The criminal case of *U.S. v. Carlos Moreno Pacheco, et al.*, 1:06-CR-00381-LJO is pending.

### The Government's Claims

On February 23, 2007, the Government filed its initial complaint for forfeiture in rem to claim: (1) that the defendant vehicle is subject to forfeiture to the Government under 21 U.S.C. § 881(a)(4) on the grounds that the defendant vehicle constitutes a conveyance used or intended to be used to transport, or to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance; and (2) that the defendant funds are subject to forfeiture to the Government under 21 U.S.C. § 881(a)(6) in that the defendant funds constitute moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq.* (Doc. 1).

On February 27, 2007, this Court issued a warrant for arrest in rem ("arrest warrant") for the defendant vehicle and defendant funds. (Doc. 5). On March 6, 2007, the Court issued an order for publication. (Doc. 6). On March 15, 2007, claimant Pacheco filed an answer to the complaint. (Doc. 7).

The defendant funds were arrested on March 12, 2007, and the defendant vehicle was arrested on March 14, 2007. (Docs. 8 and 30).

### Notice Of Forfeiture Action

On or about March 5, 2007, copies of the verified complaint, arrest warrant, publication order and other papers related to this action were served on Carlos Moreno Pacheco by certified U.S. Mail through his attorney, Preciliano Martinez. Mr. Martinez's office received the documents on March 6, 2007. (Declaration of Stephanie Hamilton Borchers ("Borchers Decl."), at ¶ 3 and Exhibit A). The Government attempted to serve Mr. Pacheco personally in March 2007, but he reportedly had moved.

1  (Doc. 32).

2  On March 15, 2007, Pacheco, by and through his attorney of record, Preciliano Martinez, filed a
3  verified answer. (Doc. 7.)

4  On or about March 20, 2007, copies of the above-referenced documents, along with a letter
5  dated March 14, 2008, were served on Jose Garcia, stepson of Gustavo Solis, a person of suitable age
6  and discretion then residing in Gustavo Solis' usual place of abode. (Doc. 29).

7  Subsequently, on June 18, 2007, the Government filed an amended complaint for forfeiture in
8  rem. (Doc. 15). Following the amended complaint, the clerk issued an amended warrant for arrest in
9  rem of the defendant vehicle and defendant funds. (Doc. 18). The Court issued a second amended
10 order for publication on June 26, 2007 ("publication order") for the Government to provide public
11 notice of this action and arrest of the defendant vehicle and defendant funds by one publication in the
12 Stockton Record and in the Fresno Business Journal. (Doc. 21). Such notice appeared in The Record
13 and in The Business Journal on July 13, 2007. The Government filed proof of such publication on July
14 24, 2007, and August 9, 2007. (Docs. 23 and 24).

15 On or about June 18, 2007, copies of the amended complaint, amended arrest warrant, amended
16 publication order and other papers related to this action were served on Carlos Moreno Pacheco by
17 certified U.S. Mail through his attorney, Preciliano Martinez. (Borchers Decl., at ¶ 6).

18 On January 18, 2008, the court held a Scheduling Conference. (Docs. 34 and 35). Neither
19 Pacheco nor his attorney appeared at the Scheduling Conference. Subsequently, the Government's
20 counsel sent a letter to Pacheco's counsel via U.S. Mail on January 23, 2008, informing him that a
21 claim verified by the claimant must be filed and extending the time for such filing to February 1, 2008.
22 (Borchers Decl., at ¶ 8 and Exhibit D). On January 29, 2008, Pacheco's counsel responded to the
23 Government's letter and indicated that their law office had "no contact" with Pacheco and were unable
24 to submit a verified claim. (Borchers Decl., at ¶ 9 and Exhibit E). As of July 29, 2008, Pacheco has not
25 filed a verified claim in this action. Additionally, the Government indicates that it has received
26 information that Pacheco is a fugitive in the parallel criminal action, U.S. v. Carlos Moreno Pacheco, et
27 al., 1:06-CR-00381-LJO. (Borchers Decl., at ¶ 7).

28

**Default Entry**

At the Government's request, this Court's clerk entered default in this action as to Gustavo Solis on April 9, 2008. (Doc. 37). As Gustavo Solis was not served with the amended complaint that correctly identified the defendant vehicle, the court issued an order requesting the Government demonstrate whether service was adequate as to Gustavo Solis. (Doc. 44). On August 20, 2008, the Government requested a continuance of the default judgment hearing, explaining that the United States Marshal's Service inadvertently failed to serve Gustavo Solis with the amended complaint. (Doc. 44).

**ANALYSIS & DISCUSSION**

**A.   Motion to Strike Answer of Carlos Moreno Pacheco**

The Government contends that Pacheco's answer should be stricken and a default judgment should be ordered by the court because Pacheco failed to file a timely verified claim in this action. This *in rem* civil forfeiture action is governed by the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules" or "Rule"). *See* Supp. R. A. Supplemental Rule G(5) provides that a person who claims an interest in the defendant property must file a claim in this court within 35 days after the date of service of the Government's complaint or 30 days after final publication of newspaper notice. Supp. Rules G(4)(b) and G(5). The claim must identify the specific property claimed, identify the claimant and state the claimant's interest in the property. Supp. R. G(5)(a)(i)(A)-(B). The claim also must be signed under penalty of perjury and served on the Government's attorney. Supp. R. G(5)(a)(i)(C)-(D).

Here, Pacheco received direct notice of the forfeiture action on March 6, 2007, through his attorney, Preciliano Martinez. Supp. R (G)(4)(b)(i)(B) (authorizing direct notice through attorney representing claimant with respect to the seizure or related criminal case). On March 15, 2007, Pacheco filed a verified answer. Subsequently, the Government filed an Amended Complaint on June 18, 2007, and served Pacheco's counsel on June 19, 2007. Based on the filing of the Amended Complaint, Pacheco was required to file a verified claim on or before July 23, 2007.

In January 2008, the Government again notified Pacheco's counsel of the need to file a verified claim and extended Pacheco's deadline for filing such a claim to February 1, 2008. In response, Pacheco's counsel notified the Government that because their office had been unable to contact

Pacheco they would be unable to file a verified claim.

Although Pacheco filed a verified answer in this matter on March 15, 2007, it does not constitute a valid claim for purposes of Rule G(5). The answer contains only denials and affirmative defenses. It does not identify the specific property claimed or state the claimant's interest in the property. (Doc. 7). Further, Rule G(5) requires that a verified claim be filed before an answer. *See* Supp. R. G(5)(b) ("claimant must serve and file an answer to the complaint...within 20 days after filing the claim"). In this case, Pacheco did not file a claim before filing his answer.

The Government requests that the court strike Pacheco's answer because he failed to file a verified claim and therefore lacks standing as a claimant in this matter. The verified claim requirement in Rule G(5) is not a mere procedural technicality. United States v. $487,825.00, 484 F.3d 662, 665 (3rd Cir. 2007). If the claimant fails to file a verified claim, he will not have standing as a party to the action. United States v. One Dairy Farm, 918 F.2d 310, 311 (1st Cir. 1990) (filing a verified claim is a prerequisite to the right to answer and defend on the merits); *see also $487,825.00,* 484 F.3d at 665 (indicating courts have "repeatedly emphasized" that forfeiture claimants must strictly adhere to the filing requirements to perfect standing); United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1148 (9th Cir. 1989) (claimant in a civil forfeiture action must establish standing in the action). Pursuant to Supplemental Rule G(8), the Government may, at any time before trial, move to strike a claim or answer for failure to file a claim. An order granting such a motion is appropriate. *See United States v. $38,570* U.S. Currency, 950 F.2d 1108, 1112-15 (5th Cir. 1992) (answer was properly stricken where claimant filed an untimely claim); United States v. $86,496.00 in U.S. Currency, 2008 WL 2039355, at * 4 (D.Ariz. May 12, 2008) (striking answer where no verified claim was filed as required by Rule G(5)).

As discussed, Pacheco has not filed a claim in this matter. It appears Pacheco may not have filed a verified claim in this matter because, as the Court is informed, he is a fugitive in a related criminal proceeding. Pacheco's counsel filed a response to the motion to strike indicating that their office has been unable to communicate with Pacheco and cannot respond on his behalf. (Doc. 41). The papers provided by the parties do not indicate when Pacheco became unavailable to his counsel or became an alleged fugitive. At a minimum, however, Pacheco has had notice of the pending forfeiture

action since March 6, 2007, when his attorney received the initial complaint and related papers, including a letter from the Government identifying Pacheco's obligation to file a verified claim. (Borchers Decl., at ¶3 and Exhibit A). As Pacheco filed a verified answer in this matter, it is clear that Pacheco was available to his counsel at the inception of this *in rem* proceeding. There has been no demonstrated good cause or excusable neglect for Pacheco's failure to timely file a claim in this matter. Accordingly, the Court recommends striking his answer. Rule G(8)(c)(I).

**B.     *Ex Parte* Application for Entry of Default Judgment**

**Complaint's Sufficiency**

The Government contends that the allegations of the Amended Verified Complaint and the cases and facts cited "provide ample grounds" for forfeiture of the defendant vehicle and defendant funds. A complaint's sufficiency is a factor to consider when deciding whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Title 21 U.S.C. § 881(a)(4) provides for the forfeiture of a vehicle that is used to transport or in any manner to facilitate the transportation or sale of controlled substances. Title 21 U.S.C. § 881(a)(6) provides for the forfeiture of money that is furnished or intended to be furnished by any person in exchange for a controlled substance, that constitutes proceeds traceable to such an exchange, or that is used or intended to be used to facilitate any violation of the laws governing controlled substances.

In its Amended Verified Complaint, the Government alleges that the defendant vehicle constitutes a conveyance used or intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance. Amended Verified Complaint, at ¶ 1. The Government further alleges that the defendant funds constitute money or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more of the laws governing controlled substances. Amended Verified Complaint, at ¶ 1.

As set forth in the Amended Verified Complaint, law enforcement officers stopped the defendant vehicle and conducted a search. During the search, law enforcement officers located approximately $89,128.00 in U.S. currency and approximately 283 grams of crystal methamphetamine, along with cutting ingredients and a scale in the trunk of the defendant vehicle. Amended Verified

Complaint, at ¶ 8. Pacheco admitted to law enforcement officers that the drugs and money belonged to him and also consented to a search of his residence. *Id.* at ¶ 8. During a search of Pacheco's residence, law enforcement officers located bank records in Pacheco's name from Bank of America. *Id.* at ¶ 9. Law enforcement officers obtained a State seizure warrant and located the defendant funds in a savings account belonging to Pacheco. *Id.*

The Amended Complaint meets the requirements of Supplemental Rule G. It is verified, states the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue, describes the property seized and the circumstances surrounding the seizure and identifies the relevant statutes. *See* Amended Complaint and Verification (Doc. 15). In the absence of assertion of interests in the defendant vehicle and the defendant funds, this Court is not in a position to question the facts supporting the forfeiture of the defendant vehicle and vehicle funds. The facts as alleged provide a sufficient connection between the defendant vehicle and funds and illegal drug activity to support the forfeiture. In connection with the defendant funds, case law confirms the Government's position that circumstantial evidence may support the forfeiture of proceeds of a drug crime and the government need not show a relationship between the proceeds and a specific drug transaction. *See*, *e.g.*, *United States v. Funds in Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 467-470 (7th Cir. 2005) (totality of circumstances demonstrated that cash hoard of airline passenger was substantially connected to illegal drug trafficking and properly subject to forfeiture); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (court applied totality of circumstances to determine "more than enough cause" to believe that 40 pounds of cash carried by airline passenger and alerted to by narcotics-detecting dog was the proceeds of, or traceable to, illegal drug transactions).

### Notice Requirements

The Government contends that it provided required notice for the forfeiture of the defendant vehicle and defendant funds. The Fifth Amendment's Due Process Clause prohibits the Government to deprive property without "due process of law." Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S.Ct. 492 (1993).

1. Notice by Publication

Supplemental Rule G(4) sets forth the rules for publication of the notice of action in federal forfeiture proceedings. Generally, Rule G(4)(a)(iii)(A) requires that published notice must appear once a week for three consecutive weeks. However, the rules provide an exception requiring publication only once if, before the action was filed, notice of nonjudicial forfeiture of the same property was published in a newspaper of general circulation for three consecutive weeks in the district where the property was seized. Supplemental Rules G(4)(a)(iii)(B) and G(4)(a)(iv).

In this case, notice of the administrative forfeiture against the defendant currency was published in the Wall Street Journal by the Drug Enforcement Administration for three weeks on November 20, 27, and December 4, 2006. (*See* Borchers Decl., at ¶ 12). Accordingly, the Government was required to publish notice of the action only once pursuant to the Supplemental Rules. This Court's Local Admiralty and In Rem Rules echo Supplemental Rule G(4)'s notice of forfeiture action by court-ordered publication and specify that such publication must occur in a newspaper of general circulation in the district where the action is filed. *See* Local Rule A-530 (incorporating Local Rule 83-171 by which court is to designate appropriate newspaper and manner of publication). Consistent with Rule G(4)(a)(iii)(B), the Court ordered notice by publication to occur in the Stockton Record and the Fresno Business Journal. Such notice appeared in The Record and in The Business Journal on July 13, 2007. The Government filed proof of such publication on July 24, 2007, and August 9, 2007. (Docs. 23 and 24).

2. Personal Notice

When the Government knows of an owner of defendant property, however, the owner has a constitutional right of due process to require "the Government to make a greater effort to give him notice than otherwise would be mandated by [publication]." *United States v. Real Property,* 135 F.3d 1312, 1315 (9th Cir. 1998) (attached). For such persons, the Government must attempt to provide actual notice by means "'reasonably calculated under all circumstances' to apprise [the person] of the pendency of the cash forfeiture[.]" *Dusenbery v. United States,* 534 U.S. 161, 168, 122 S.Ct. 694 (2002). The Government must provide such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S.

306, 315, 70 S.Ct. 652 (1950). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be "sent by means reasonably calculated to reach the potential claimant." Additionally, this Court's Local Rule A-540 addresses notice to persons known to have an interest in property subject to forfeiture. The rule requires that a party seeking default judgment in an action in rem to show to the Court's satisfaction that due notice and arrest of the property has been given by: (1) publication; (2) by personal service on the person having custody of the property; (3) if the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by law enforcement agency or officer; and (4) by personal service or certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success. Local Rule A-540(a).

Notwithstanding the Supplemental Rules and Local Rule A-540(a), the Government provides sufficient notice if such notice complies with Federal Rule of Civil Procedure 4 requirements. *See* Fed.R.Civ.P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule.")

Here, the Government provided notice to Pacheco through his attorney, Preciliano Martinez. On or about March 5, 2007, copies of the verified complaint, arrest warrant, publication order and other papers related to this action were served on Pacheco by certified U.S. Mail through his attorney, Preciliano Martinez. Mr. Martinez's office received the documents on March 6, 2007. (Declaration of Stephanie Hamilton Borchers ("Borchers Decl."), at ¶ 3 and Exhibit A). Additionally, on or about June 18, 2007, copies of the amended verified complaint, amended arrest warrant, amended publication order and other papers related to this action were served on Pacheco by certified U.S. Mail through his attorney, Preciliano Martinez. (Borchers Decl., at ¶ 6). Supplemental Rule G(4) permits direct notice to be sent to the attorney representing the potential claimant with respect to the seizure of the property or in a related criminal case. It is clear that Pacheco received notice of the action as he filed a verified

1  answer through his attorney, Mr. Martinez, on March 15, 2007. (Doc. 7.)  The Government also
2  attempted to serve Mr. Pacheco personally in March 2007, but he reportedly had moved. (Doc. 32).
3       On or about March 20, 2007, copies of the initial complaint and related documents, along with a
4  letter dated March 14, 2008, were served on Jose Garcia, stepson of Gustavo Solis, a person of suitable
5  age and discretion then residing in Gustavo Solis' address as provided by Department of Motor Vehicle
6  Records. (Doc. 29).  Pursuant to Fed. R. Civ. P. 4(e) an individual may be served by leaving copies at
7  the person's dwelling or usual place of abode with someone of suitable age and discretion who resides
8  there.
9  On August 6, 2008, the Government sent copies of the amended complaint and related documents to
10 Gustavo Solis by certified mail at the address last known to the Government.  On or about August 11,
11 2008, the Government received the certified return receipt card, signed and dated August 7, 2008.
12 (Doc. 46, Supplemental Declaration of Autumn Magee re Additional Service of Gustavo Solis, at ¶6).
13      On or about August 21, 2008, the United States Marshals Service attempted to locate Gustavo
14 Solis at a the address provided by the Department of Motor Vehicles.  The United States Marshals
15 Service left the documents at the address last known to the Government, not the address provided by
16 the Department of Motor Vehicles.  Doc. 45 and Doc. 46, Supplemental Declaration of Autumn Magee,
17 at ¶ 7.  However, on October 6, 2008, the Government sent copies of the amended verified complaint
18 and related papers to Gustavo Solis by certified mail at the address provided by the Department of
19 Motor Vehicles.  Doc. 46, Supplemental Declaration of Autumn Magee, at ¶ 8.  On or about October 9,
20 2008, the Government received the certified return receipt, which was singed and dated October 7,
21 2008.  Doc. 50, Second Supplemental Declaration of Autumn Magee, at ¶ 6 and Exhibit A.  No claim or
22 answer has been filed by or on behalf of Gustavo Solis.
23      No notice issues arise as to the forfeiture of the defendant vehicle or the defendant funds.

**Failure To File Claim or Answer**

25      As discussed above, Supplemental Rule G(5) addresses responsive pleadings in civil forfeiture
26 actions such as this and requires a person who asserts an interest in or right against the subject property
27 to file a claim in this court within 35 days after the date of service of the Government's complaint or 30
28 days after final publication of newspaper notice.  Supplemental Rules G(4)(b) and G(5).  Failure to

comply with procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to a forfeiture action. *Real Property*, 135 F.3d at 1317.

Here, the potential claimants were given appropriate notice regarding filing a claim. More than thirty days have passed since the date of publication and more than thirty-five days have passed since the dates that each of the potential claimants were noticed with the Government's amended verified complaint in this action. Although Pacheco filed an answer, one who does not file a verified claim pursuant to the Supplemental Rules lacks standing in the forfeiture action and his answer should be stricken. *Real Property*, 135 F.2d at 1316-18.

### Default Judgment

The Government seeks judgment against the interests of Pacheco and Gustavo Solis and final forfeiture judgment to vest in the Government all right, title and interest in the defendant vehicle and defendant funds. The Supplemental Rules do not provide a procedure to seek default judgment in an action *in rem*. Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry generally is a prerequisite to default judgment. Federal Rule of Civil Procedure 55(a) governs entry of default: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citations omitted). *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977).

*TeleVideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

Here, it is recommended that the answer of potential claimant Pacheco be stricken. Even if Pacheco were considered to have standing, he is in default because he did not file an appropriate responsive pleading.

The Clerk entered the default of potential claimant Gustavo Solis on April 9, 2008. At that time, Gustavo Solis had not been served with the amended verified complaint. Therefore, the entry of

default was unauthorized and premature.  However, Gustavo Solis is in default following attempted service of the amended verified complaint.  To recommend that the default entered on April 9, 2008, be vacated and then re-entered would be unnecessary in light of the finding concerning his default.

The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency.  "A judgment in rem affects the interests of all persons in designated property. . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons."  *Hanson v. Denckla*, 357 U.S. 235, 246, n. 12, 78 S.Ct. 1228 (1958).  No one other than Pacheco has claimed an interest in defendant vehicle and defendant funds or otherwise responded to the complaint despite adequate notice.  Accordingly, the Government has shown its entitlement to a default judgment with respect to the defendant vehicle and defendant funds.  A final forfeiture judgment is in order for the Government.

## **RECOMMENDATIONS**

Based on the foregoing, the Court hereby RECOMMENDS to:

1. GRANT plaintiff United States of America's motion to strike the answer of claimant Carlos Moreno Pacheco.
2. DIRECT the Clerk of the Court to strike the answer of claimant Carlos Moreno Pacheco.
3. GRANT plaintiff United States of America's motion for default judgment against the interests of Carlos Moreno Pacheco and Gustavo Solis
4. ENTER final forfeiture judgment to vest in plaintiff United States of America all right, title and interest in the defendant vehicle and defendant funds; and
5. ORDER plaintiff United States of America, within 10 days of service of an order adopting the findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and order adopting them.

These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the
2  magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are
3  advised that failure to file objections within the specified time may waive the right to appeal the district
4  judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.  1991).
5         IT IS SO ORDERED.
6         Dated:   **December 5, 2008**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE